## Peoples-Pittsburgh Trust Co. v. Thorne

*J. E. and William R. Kalson,* for petitioners.

*Patterson, Crawford, Arensberg & Dunn,* contra.

DITHRICH, J., May 9, 1944.—The situation presented on the facts in this case is a novel one. Petitioners, man and wife, are defendants in a judgment entered on a bond accompanying a second mortgage. The property covered by the mortgage was purchased by plaintiff at sheriff's sale on foreclosure of a first mortgage. Plaintiff did not proceed under the Deficiency Judgments Act of July 16, 1941, P. L. 400, as amended by the Act of May 27, 1943, P. L. 681, to have the fair market value of the property determined, and defendants could not do so, as it was not until

the amendment of 1943 that they were given the right so to do. The sheriff's sale was made on May 6, 1940.

Defendants now seek to have the judgment entered on the bond accompanying the second mortgage marked satisfied. Much as we may sympathize with defendants, we feel that we would have to supply an apparent "deficiency" in the Deficiency Judgments Act itself in order to grant the prayer of their petition, and that we are, of course, powerless to do.

The provisions of the act limit proceedings under it to "the debt for which the judgment was entered". What, then, was the debt for which the judgment was entered? Why, the debt on the bond accompanying the first mortgage. It did not and could not include the debt on the second mortgage. Had the legislature so intended, we feel that it would have said so. But it clearly said that the fair market value of the property as fixed and determined by the court "shall in no event exceed the amount of the debt, interest, cost, taxes, and municipal claims". What debt? Why, again, only the debt to satisfy which the property was sold.

Further evidence of the legislative intent appears in the amendment of 1943, which authorizes the court to act upon petition of the debtor where plaintiff has not proceeded to have the fair market value fixed, in that it provides that the court "shall direct the prothonotary to mark *said* judgment satisfied, released, and discharged". (Italics supplied.) No provision is made for the satisfaction of any judgment other than the judgment on which the property has been sold.

The fact that plaintiff as assignee of both mortgages is now seized of both the fee and the second mortgage does not, in our opinion, alter the situation, notwithstanding that since the divestiture of the lien of the second mortgage no proceeding will be possible under the Deficiency Judgments Act. And since the power of the court to order the judgment marked satisfied could

be invoked only under the provisions of the Deficiency Judgments Act, the rule to show cause must be discharged.